IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MORGAN LYNN WILSON**             **PLAINTIFF**

v.             **CIVIL ACTION NO. 3:22-cv-55-JMV**

**COMMISSIONER OF
SOCIAL SECURITY**             **DEFENDANT**

## ORDER

This matter is before the court on Plaintiff's complaint [1] for judicial review of the Commissioner of the Social Security Administration's denial of an application for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge, with any appeal to the Court of Appeals for the Fifth Circuit. Having considered the record, the administrative transcript, the briefs of the parties, and the applicable law, the undersigned finds the Commissioner's decision is not supported by substantial evidence and should be and is hereby **REVERSED AND REMANDED**.

### Statement of the Case

Plaintiff, Morgan Lynn Wilson, protectively filed an application in the present matter on May 20, 2020. The application was denied initially and upon reconsideration. Plaintiff filed a timely request for a hearing. The ALJ issued an Unfavorable Decision in this cause on August 11, 2021.

At step one, the ALJ found that Plaintiff had engaged in substantial gainful activity within the meaning of the SSA in the first quarter of 2021, but had otherwise not engaged in substantial gainful activity since her alleged onset date of August 1, 2017. The ALJ determined that the sequential evaluation process should nevertheless be continued because the work activity was

"temporary." At step two, the ALJ found that the Plaintiff had the following "severe" impairments: following severe impairments: schizophrenia spectrum disorder, bipolar disorder with psychotic features, and substance abuse disorder. At step three, the ALJ found that none of Plaintiff's impairments, either alone or in combination, met or equaled the criteria of an impairment at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listings).

The ALJ then found that claimant has the RFC to:

> perform a full range of work at all exertional levels but with the following non-exertional limitations: she can perform jobs only requiring simple, routine, and repetitive tasks. She can have occasional interaction with supervisors and co-workers but never the general public. She can tolerate few, if any changes in the setting.

Tr. 39.

At step four, the ALJ found that the Plaintiff was unable to perform any past relevant work. Tr. 44. The claimant has past relevant work as a sales clerk, light, SVP 3 (DOT No. 290.477-014); sales person, furniture, light, SVP 4 (DOT No. 270.357-030); waiter/waitress informal, light, SVP 3 (DOT No. 311.477-030); and stock clerk, heavy, SVP 4 (DOT No. 299.367-014). Plaintiff has at least a high school education and was born on October 30, 1992, which makes her a younger individual for the relevant time period.

The hearing testimony indicated that she tried to attend Itawamba Community College four separate times. Tr. 57-58. At step five, in response to a hypothetical based on Plaintiff's age, education, and RFC, the VE testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as kitchen helper, medium, SVP 2 (DOT No. 318.687-010) (134,000 jobs in the national economy); housekeeper, light, SVP 2 (DOT No. 323.687-014) (226,000 jobs in the national economy); and document preparer, sedentary, SVP 2 (DOT No. 249.587-018) (18,000 jobs in the national economy).

The ALJ found the Plaintiff not disabled. Plaintiff appealed, and the Appeals Council issued an Order affirming the decision on February 14, 2022, thereby making it the decision of the Commissioner and the Social Security Administration for purposes of judicial review under the Social Security Act.

## Discussion

Plaintiff raises three issues: (1) whether the ALJ erred by failing to consider if Plaintiff could sustain employment for a significant period of time; (2) whether the ALJ erred by failing to order a CE and thereby failing to adequately develop the record; and (3) whether the Appeals Council erred when it failed to properly consider medical evidence submitted after the hearing date. The undersigned finds that as to the first issue, the ALJ committed reversible error by failing to consider if Plaintiff could sustain employment for a significant period of time as required by *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986) and *Frank v. Barnhart*, 326 F.3d 618 (5th Cir. 2003).

Testimony and records indicate that Plaintiff has been to eight crisis centers in the past few years. Tr. 60. At the time of the hearing, she testified that she was taking Risperidone, Depakote, Trazodone, and Celexa, and that she still hears voices on a daily basis. Tr. 60. She estimated that she experiences two manic episodes per month that usually last about three days and depressive episodes around three to four times a month. Tr. 62; 64. Her physician, Dr. Kelly, also opined that Plaintiff still experiences debilitating symptoms from Schizophrenia even when she is compliant with treatment, such as hearing of voices, delusions, and disorganized speech and behavior. Tr. 1006.

Plaintiff's past work history is sporadic at best. She listed a total of eight jobs on her work history report. Tr. 297. She worked for CVS Pharmacy in 2014 and a little in 2015 stocking shelves

and waiting on customers. Tr. 53. She testified that she had to leave because of the voices and she could not get along with the people she worked for. Tr. 53. She also worked for a short period of time at McCollum Wholesale Furnishing in 2017 and had to leave due to the voices and inability to get along with coworkers. Tr. 54.

Vicki Prosser, Ph.D., whom the ALJ found to be persuasive, stated that she would order a Consultative Mental Status Examination due to the fact that the Plaintiff has multiple admissions for inpatient treatment. Tr. 110. She also recognized that Plaintiff has a history of responding well to treatment but has "serious noncompliance issues." Tr. 111.

In this case, a *Singletary* analysis was not explicitly performed, yet the Commissioner argues that the ALJ implicitly found that Plaintiff could maintain work when she was compliant with her treatment. "Even though she had three separate hospitalizations, [Plaintiff] was able to engage in temporary work activity and had normal mental status examinations while compliant with treatment." Tr. 38. According to the Commissioner, "This sentence is the ALJ's factual determination that Plaintiff can work if she is compliant with her treatment." Def's Brief [13] at 2. However, the undersigned is not persuaded by this argument.

This case bears similarities to this Court's decision in *Morris v. Kijakazi*, No. 1:21-CV-84-JMV, 2022 WL 1277282 (N.D. Miss. Apr. 28, 2022). In *Morris*, the Commissioner argued that the ALJ determined that Plaintiff could maintain employment because the ALJ implicitly determined in the RFC determination that Plaintiff could perform work on a regular and continuing basis. *Id.* at *4. Plaintiff, on the other hand, argued that the circumstances of the case required the ALJ to make a determination that she could hold a job for a significant period of time pursuant to *Singletary*. *Id.* And, while Plaintiff acknowledged there is no requirement "that the ALJ must make a specific finding regarding the claimant's ability to maintain employment in every case,"

4

such a finding is necessary in a situation where, by its nature, the claimant's ailment "waxes and wanes in its manifestation of disabling symptoms." *Id.*, citing *Frank*, 326 F.3d at 619.

In this case, a specific finding regarding the Plaintiff's ability to maintain employment was required because the medical evidence showed that is a situation where, by its nature, the Plaintiff's ailment waxes and wanes in its manifestation of disabling symptoms. A review of Plaintiff's recent medical history reveals: a seventeen-day hospital stay in May 2018; methamphetamine usage in November 2018 which resulted in her thinking her toes were bleeding uncontrollably; reporting doing well and taking her medications to Lifecore Health Group in January 2019; a hospital admission in August 2019 due to suicidal ideations which resulted in a commitment to Batesville Crisis Stabilization Unit for two months; an eight-day hospital stay in March 2020, where Plaintiff reported to her attending physician that she had not been compliant with her medications for the past two years; crystal methamphetamine usage in July 2020; admission to the Crisis Stabilization Unit in Tupelo in August 2020 due to Plaintiff stealing a truck; and an emergency room visit in June 2021 after leaving her mother's house because she claimed she was getting abused and had nowhere to stay, so she was given a room for the night and referred to a shelter.

Thus, this is a situation similar to *Morris*, where the Plaintiff has for many years suffered from and been medically treated for severe mental impairments such as schizophrenia spectrum disorder, bipolar disorder with psychotic features such as auditory and visual hallucinations and delusions, psychosis, and substance abuse disorder. Despite Plaintiff's medical history and records indicating otherwise, the ALJ found that "[i]n between her hospitalizations, she was compliant with treatment." Tr. 42. To the contrary, there is lengthy mental health treatment history and reports of vacillating symptomology. Therefore, *Frank* requires that the ALJ specifically assess Plaintiff's ability to hold whatever job she may find for a significant length of time. *See Frank*, 326

5

F.3d at 619. By failing to make the specific determination required by *Frank*, the ALJ thereby committed legal error. *See Moore v. Sullivan*, 895 F.2d 1065, 1069-70 (5th Cir. 1990) (holding that when the ALJ has relied on erroneous legal standards in assessing the evidence, he must reconsider that denial).

It also bears mentioning that while the Appeals Council did not find that the new evidence of a subsequent hospital admission from August 26, 2021, to September 1, 2021, made the ALJ's decision contrary to the weight of the record evidence on the whole, this Court finds that the new evidence should be considered as further support of the Plaintiff's waxing and waning. During the August 2021 admission, Plaintiff was admitted for worsening psychosis and "worsening voices which are telling her to kill herself." Tr. 19. Plaintiff reported that "she has had voices on and off throughout her life but it was never this bad." Tr. 19. Such evidence required consideration as to whether Plaintiff could genuinely maintain employment for a significant period of time.

## Conclusion

On remand, the ALJ is instructed to consider the breadth of Plaintiff's significant, lengthy medical history and whether, considering the same, she could maintain employment for a significant period of time. Further, the ALJ did not explicitly state that a CE was not necessary in his opinion. Thus, should the ALJ find that there is a need for a Consultative Mental Status Examination as suggested by Dr. Vicki Prosser, whose opinion he found to be persuasive, then he is instructed to order one.

Therefore, for the reasons stated above, the Commissioner's decision is hereby **REVERSED AND REMANDED.**

**THIS**, the 29th day of September, 2022.

/s/ Jane M. Virden
United States Magistrate Judge